1

2   Bryan Miller, SBN 178134
    bryan@bryanmillerlaw.com
3   Law Office of Bryan Barnet Miller
    15760 Ventura Boulevard, Suite 700
    Encino, California, 91436
4   (818) 995-9465

5   Attorneys for Plaintiff
    Dwain Lammey
6

7

8                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9

10  Dwain Lammey, an individual,          | Case No.:

11          Plaintiff,

12          v.                            | COMPLAINT FOR DAMAGES AND
                                          | INJUNCTIVE RELIEF FOR VIOLATIONS OF
13  ASH HOP INC., a California            | THE AMERICAN WITH DISABILITIES ACT
    Corporation, EVAN SMITH, as           | AND THE UNRUH CIVIL RIGHTS ACT.
14  trustee of the ELTON FAMILY
    TRUST DATED JANUARY 16,
15  1989-SURVIVORS TRUST,
    and DOES 1-10.
16

17

18          Defendants.

19

20

21

22

23

24

25

26

27

28

────────────────────────────────────────

COMPLAINT

2021.120

1

2          Plaintiff Dwain Lammey complaints of ASH HOP INC. (a California

3    Corporation) and THE ELTON FAMILY TRUST-DATED JANUARY 16, 1989-

4    SURVIVORS TRUST, and Does 1-10 ("Defendant") and alleges as follows:

5        I.      PARTIES

6           1. Plaintiff is a California resident with physical disabilities, he is a

7              quadriplegic, and is mobility impaired.  That is to move he is

8              wheelchair bound.

9           2. Defendant, ELTON FAMILY TRUST, owns the real  property at

10             15635 Ventura Boulevard, Encino, California 91436, in June 2021.

11          3. Defendant, ASH HOP, Inc., is a franchisee of the International House

12             Pancakes (IHOP), and owns the restaurant, IHOP-718, located at

13             15635 Ventura Boulevard, Encino, California 91436, in June 2021.

14          4. Plaintiff does not know the true names of Defendants, their business

15             capacities, their ownership connection to the property and business, or

16             their relative responsibilities in causing the access barriers herein

17             complained of and alleges a joint venture and common enterprise by

18             all such Defendants.  Plaintiff is informed and believes that each of the

19             defendants herein, including Does 1 through 10, inclusive, is

20             responsible in some capacity for the events herein alleged, or is a

21             necessary party for obtaining appropriate relief. Plaintiff will seek

22             leave to amend when the true names, connections, and responsibilities

23             of the Defendants and Does 1 through 10, inclusive are ascertained.

       II.     JURISDICTION AND VENUE

24          5. The Court has subject matter jurisdiction (SMJ) over the action

25             pursuant to 28 U.S.C. § 1331 ("federal question")  and 28 U.S.C. §§

26             1343(a)(3) and 1343(a)(4)  ("relief available") for violation of the

27             American with Disabilities  Act ("ADA") of 1990, 42 U.S.C. § 12101,

28             *et seq.*

            6. The Unruh Civil Rights Act, *Cal. Civ. Code* § 51, incorporates the

ADA, under subd. (f).   Since the ADA is incorporated into the Unruh Act, all violations of the ADA will be violations of the Unruh Act, because the common nucleus of operating facts ("CNOF") will be identical.   As such, supplemental jurisdiction is proper pursuant 28 U.S.C. § 1367.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact the real property upon which this action is founded in within this Court's jurisdiction as is plaintiff's cause of action.

III.   FACTUAL ALLEGATIONS

8. Plaintiff went to the Encino, IHOP on or about May 18, 2021, to grab something to eat.

9. As plaintiff, as stated above, is mobility impaired, he drives a special van, and needs proper parking to park his vehicle, and access the lot.

10. The, Encino, IHOP parking lot tented over the current ADA parking spots, and the access of pathways for mobility impaired people, and the parking spots, were completed obstructed, by barriers.

11. The Encino, IHOP, is a facility open to the public, a place of public accommodation, and a business establishment.

12. The Encino, IHOP, failed to provide ADA compliant "Van Accessible" parking in violation of 1991 ADA Standards section 4.1.2(5)(b).

13. The business failed to provide any assigned van parking spaces in violation of 2010 ADA Standards section 208.2.4.

14. The business had no accessible parking space identification in violation of 1991ADA Standards section 4.64.

15. The business had no accessible parking space identification in violation of 2010 ADA Section 502.6

16. The business failed to have an accessible route within the site to accessible facility entrances from accessible parking and accessible passenger loading zones in violation of 1991 ADA standards 4.6.3

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17. The business failed to have an accessible route within the site to accessible facility entrances from accessible parking and accessible passenger loading zones in violation of 2010 ADA standards section 206.2.1.

18. The business failed to have all components of accessible routes within its premises that connects to all other of its elements and/or buildings in violation of 2010 Standards, section 402.2.

19. Business does not provide any accessible routes within its premises that connects to all other of its elements and/or buildings in violation of 2010 ADA section 206.2.2.

20. The Governor of the State of California, Gavin Newson, promised to open all facilities to the general public by June 15, 2021. Mr. Lammey attempted to get something to eat from IHOP Encino, for a second time or about June 15, 2021.

21. As a result of IHOP Encino, failure to comply with the ADAG 1991 and 2010, twice, Mr. Lammey is now deterred from going back to IHOP Encino.

22. Plaintiff has now encountered the barriers to entry twice and has been deterred from returning.

23. The total lack of accessible parking for a mobility impaired individuals is despicable, thoughtless, wanton, and oppressive, and has caused plaintiff significant upset.

24. The defendants, and each of them, have failed to maintain in working a useable conditions those parking features and pathways of access which are required to provide ready access to persons with disabilities equal access to public accommodations. There is no equal justice under law here.

25. Given the pervasive barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on this site, which relate to his disability. Plaintiff will amend

3

the complaint, to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection.  Plaintiff will seek to have all barriers related to his disability remedied as articulated in *Doran v. 07-11,* 524 F.3d 1034 (9th Circuit 2008).

IV.   CAUSES OF ACTION

a.  VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990. [Plaintiff v. all Defendants.] [42 U.S.C. § 12101, *et seq.*]

26. Plaintiff incorporates paragraphs 1-25, as if fully set forth herein.

27. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See,* 42 U.S.C. § 12182 (a). Discrimination is defined, *inter alia*:

i.   A failure to make reasonable accommodations in polices, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration to those facilities and services. 42 U.S.C.  § 12182 (b) (2) (A) (ii);

ii.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C.  § 12182 (b) (2) (A) (iv);

iii.   A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable to people with disabilities, including those persons who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones

4

and drinking fountains serves the altered areas, are readily accessible and usable with people with disabilities. 42 U.S.C. § 12183 (a) (2).

28. A business must remove architectural barriers to provide readily accessible parking spaces to those people who are mobility impaired and need those parking spaces and access aisles to enter the place of public accommodation.

29. Failure to do so, as articulated in detail herein, is a violation of the ADA.

30. A public accommodation must maintain in those features of its facilities and equipment that are required to be readily accessible by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here the failure to make sure that were available parking spots for mobility impaired individuals, and to remove barriers so that the parking spots could be used, and the pathways to the place of public accommodations be made accessible, was unlawful.

b. SECOND CAUSE OF ACTION VIOLATION OF THE UNRUH CIVIL RIGHTS ACT. [Plaintiff v. all Defendants] [*Cal. Civ. Code.* § 51, *et seq.*]

32. The foregoing paragraphs 1-31 are incorporated herein as if fully set forth.

33. The Unruh Civil Rights Act provides that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.

34. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. § 51 subd. (f).

35. By defendants, and each of them, acts and omissions, as herein alleged, here violated the Unruh Act, but denying Plaintiff equal rights to full and equal use of the accommodations, advantages, facilities,

5

1          privileges, or services offered.

2    36. Because of the violations of Unruh Act, which denied plaintiff equal

3          access to the IHOP Encino restaurant, the defendants, and each of

4          them, are responsible for statutory damages, that is, a civil penalty.

5          (*Cal. Civ. Code* § 52 subd. (a).)

6    V.    PRAYER FOR RELIEF

7          Whereby, the plaintiff prays this Court award damages and provide relief

8          as follows:

9          a.  For injunctive relief, compelling Defendants, and each of them, to

10             comply with the American Disabilities Act and the Unruh Act.

11         b.  Damages under the Unruh Civil Rights Act, which provides for actual

12             damages, and statutory damages, at a minimum of $4,000.00 per

13             incident.

14         c.  Reasonable attorney fees, litigation expenses, and costs of suit,

15             pursuant to 42 U.S.C. § 12205, and *Cal. Civ. Code* § 52.

16   Dated:  July 6, 2021

17

18

19

20

21                                      By:  _____
                                              BRYAN MILLER
22

23                                            Attorneys for Plaintiff
                                              Dwain Lammey
24

25

26

27

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28